INDUSTRIAL QUIMICA DEL NALON, S.A., AS SUCCESSOR TO ASTURQUIMICA, S.A., PLAINTIFF *v.* UNITED STATES, C. WILLIAM VERITY, SECRETARY OF COMMERCE, JAN MARES, DEPUTY ASSISTANT SECRETARY FOR IMPORT ADMINISTRATION, AND WILLIAM VON RAAB, COMMISSIONER OF CUSTOMS, DEFENDANTS

Court No. 88–07–00492

(Dated February 28, 1992)

*Kaplan, Russin and Vecchi (Dennis James, Jr.* and *Kathleen F. Patterson)* for plaintiff. *Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *(Jane E. Meehan), (Dianne McDevitt,* Attorney-Advisor, U.S. Department of Commerce, Of Counsel) for defendants.

### MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

MUSGRAVE, *Judge:* This case is before the Court for the third time, following a second remand to the International Trade Administration (ITA or Commerce) pursuant to the decision in Slip Op. 91–43, *reprinted at* 15 CIT 240 (1991). On remand, the Court directed Commerce to determine whether the claimed technical service adjustment was valid, and also directed Commerce to adjust the dumping margin for travel expenses and invoice processing.

Commerce filed the "Results of Redetermination Pursuant to Court Remand" (Redetermination Results) with the Court on September 10, 1991. Commerce correctly adjusted the dumping margin for the travel and invoice processing expenses, and denied plaintiffs claim for technician salaries due to lack of supporting documentation. Plaintiff Industrial Quimica Del Nalon (IQN) asks this Court to remand the case once again with instructions to adjust the dumping margin for technician's salaries. Defendant asks that the Redetermination Results be sustained.

### II. TECHNICAL SERVICES ADJUSTMENT

The Court directed Commerce to determine from trip reports and other work product whether IQN's claim of all of one technician's time and one half the time of another, was valid. If ITA determined the claim was valid, it was ordered to adjust the IQN dumping margin. Commerce determined that the documentation did not support the technical service expense because the documents on the record account for only a portion of the two technicians' time. ITA asked IQN to point out instances in the record which would support IQN's claim, but rejected new information which IQN submitted. IQN referred ITA to the two technicians' affidavits.

The ITA found that "an indeterminant portion" [sic] of the services were performed to promote goodwill, referring to portions of the affidavits which mentioned work performed to enhance future sales to poten-

tial customers. Plaintiff argues that the technicians performed work for their client's customers, at the request of IQN's clients, not to promote future sales from IQN to those customers. The work should be treated as a selling cost, according to IQN. Commerce denied the adjustment under *Rhone Poulenc, S.A. v. United States*, 8 CIT 47, 592 F. Supp. 1318 (1984) and *L.M.I.-La Metalli Industriale, S.p.A. v. United States*.[1] Commerce could not determine the amount of time spent by IQN technicians to benefit sales made during the review period.

### III. New Information Rejected by ITA

This Court ordered that "ITA shall grant an adjustment for technical service expenses incurred by Industrial Quimica Del Nalon (IQN) in support of home market sales of potassium permanganate (PP), *provided IQN can document* that the two technicians performed such services one hundred percent and fifty percent of the time, respectively." Amended Order, dated June 12, 1991, at 1 (emphasis added). Commerce would not allow IQN to submit any additional information to support the technical services claim. Pub. Doc. 2. Plaintiff argues that ITA should not have excluded the documentation. The Court agrees.

The Court has discretion to order ITA to reopen the record for additional input. *Saudi Iron & Steel Co. (Hadeed) v. United States*, 11 CIT 880, 893, 675 F. Supp. 1362 (1987). In this case the intent was to allow the ITA "maximum administrative flexibility," *PPG Industries, Inc. v. United States*, 15 CIT 632, 780 F. Supp. 1389, Slip Op. 91–112, at 9 (December 13, 1991), with the hope that ITA *would* allow further information to be submitted if IQN could not substantiate its claim with the information on the record. In other cases, ITA has opened and reopened the record on its own initiative on remand. *Freeport Minerals Co. v. United States*, 4 Fed. Cir. (T) 16, 17, 776 F.2d 1029 (1985); *Timken Co. v. United States*, 7 CIT 319 (1984). The Court cannot understand why ITA would keep the record closed in this remand. Although the Court's order did not expressly state that ITA should open the record, ITA was not supposed to ignore information IQN submitted. The Amended Order states that ITA *shall* grant the adjustment provided IQN *can document* its claim. ITA did not, because IQN was not allowed to provide the requisite information.

Commerce must allow IQN a fair chance to substantiate its claims for a technical services adjustment. Therefore, another remand is necessary for ITA to reopen the record in this case to allow IQN to support its claim with new documentation not now on the record. If, after reviewing the new material, IQN can properly document its claim, then ITA shall grant the adjustment.

---

[1] 13 CIT 305, 712 F. Supp. 959 (1989), *aff'd in part and rev'd in part on other grounds, L.M.I. La Metalli Industriale, S.p.A. v. United States*, 912 F.2d 455 (Fed. Cir. 1990). ITA originally cited these cases in the first determination to deny IQN's technical services adjustment.

### IV. Conclusion

As a result, this case is remanded to the International Trade Administration for redetermination in accordance with this opinion.